AGRI-TEK SUPPLY COMPANY, APPELLANT, V. DONALD D. GAETH, APPELLEE.

168 N. W. 2d 278

Filed May 23, 1969. No. 36970.

John L. Cutright, for appellant.

Yost & Yost, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and SCHMIDT, District Judge.

SCHMIDT, District Judge.

This is a suit on a note. The answer set up a claim of usury. Both sides moved for a summary judgment. The case comes here on appeal from an order of the trial court sustaining the defendant's motion for summary judgment and dismissing plaintiff's petition.

In the year 1961, the defendant purchased a portable feed mill and mixer from Champion Portable Mill Company under a written sales contract. The plaintiff, as a dealer for Champion, negotiated the sale. The price was $19,000. By the terms of the sales contract there

was to be a downpayment of $4,750 to consist of $2,000 in cash and a 90-day note for $2,750. The balance of $14,250 was to be paid in 36 monthly installments of $467 each, which included interest. The 36 monthly installments were paid in full to Champion or its assignee. So interest of $2,562 was charged and paid. This was usurious. See § 45-101, R. R. S. 1943.

As agreed, the defendant executed his $2,750 note payable to Champion and delivered it to Champion. Defendant made payments of principal and interest on this note and on September 18, 1964, the balance due was $1,764.31. Plaintiff guaranteed payment of the note at the time of the sale. Under its guarantee plaintiff paid Champion the $1,764.31 and on September 18, 1964, took an assignment of the note. Its claim here is for the $1,764.31 plus interest at 6 percent per annum from September 18, 1964.

The trial court in effect held that the interest of $2,562 that was paid on the $14,250 was usurious; that this tainted the $2,750 note; and that as the illegal interest paid to Champion or its assignee exceeded plaintiff's claim, plaintiff should take nothing. With this we agree. See Hall v. Mortgage Security Corp. of America, 119 W. Va. 140, 192 S. E. 145, 393, 111 A. L. R. 118 (1937).

Plaintiff has asked us to sever the good from the bad and enforce the good. In support of this plaintiff has cited 91 C. J. S., Usury, § 58, p. 640, which has some 19 cases there noted. All are distinguishable from the facts here.

A further contention of plaintiff is that as it received none of the illegal interest, such interest should not be offset against plaintiff's claim. But the plaintiff stipulated that any defense good against Champion was good against it. Technically it can be argued that an offset is not a defense, however we conclude that the word defense was not used in the stipulation in a technical sense, but in the sense that anything that would defeat recovery on the note in the hands of Champion would

defeat recovery by plaintiff. Clearly defendant had the right of offset as against Champion.

The judgment of the trial court is affirmed.

AFFIRMED.